| | |
|---|---|
| CHARLIE JAMES DIAL, § § Plaintiff, § § versus § PARTNERSHIP FOR RESPONSE AND § RECOVERY, DEWBERRY AND DAVIS § LLC, and URS CORPORATION, § § Defendants. § | CIVIL ACTION NO. 1:09-CV-218 |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND REMANDING CASE**

The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and a recommended disposition of case-dispositive pretrial motions. The court has received and considered the report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings, and all available evidence.

On February 23, 2010, the magistrate judge recommended that Plaintiff Charlie James Dial's ("Dial") Motion to Remand (#3) be granted, concluding that any issues on which federal subject matter jurisdiction could be premised in this case are not ripe for adjudication. Defendants Partnership for Response and Recovery ("PaRR"), Dewberry and Davis LLC ("Dewberry"), and URS Corporation ("URS") (collectively, "Defendants") timely filed their Objection to Magistrate's Recommendation to Remand (#12). Defendants argue that the magistrate judge improperly conflated the ripeness doctrine with federal subject matter jurisdiction. Alternatively, Defendants contend that the case is ripe for adjudication because Dial's petition is a *de facto* demand for disclosure of information regarding certain federal agencies, which triggers the operation of federal regulations governing such disclosure. Pursuant to and in accordance with

28 U.S.C. § 636(b)(1), the court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. The court concludes that Defendants' objections are without merit.

In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005). Despite Defendants' argument to the contrary, an essential prerequisite to federal subject matter jurisdiction is ripeness, meaning that a case must not be speculative or premature. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002); *VRC, L.L.C. v. City of Dallas*, 391 F. Supp. 2d 437, 439 (N.D. Tex. 2005) (granting motion to remand on ripeness grounds). In this case, Defendants contend that federal subject matter jurisdiction arises under certain regulations established by the Department of Homeland Security ("DHS") and the Federal Emergency Management Agency ("FEMA"). *See* 6 C.F.R. §§ 5.41-5.49 (DHS); 44 C.F.R. §§ 5.80-5.89 (FEMA). These regulations provide the procedure for serving and responding to a subpoena, order, or other demand for disclosure of departmental information after such demand has been issued. 6 C.F.R. § 5.41(a); 44 C.F.R. § 5.80(a).

As the magistrate judge correctly observed, no demand for disclosure has been issued in this case. Rather, Dial seeks *authorization* from the court to take depositions in anticipation of litigation pursuant to Rule 202 of the Texas Rules of Civil Procedure. Even if the state court granted such authorization, Dial is still tasked with compelling the appropriate parties to attend

the depositions in accordance with the rules applicable to non-parties pending suit. *See* TEX. R. CIV. P. 202.5. Only after such a demand is made would the federal regulations be implicated. Because no subpoena, order, or other demand for disclosure has been issued, Defendants' claim that federal subject matter jurisdiction exists "'rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003), *cert. denied*, 540 U.S. 1136 (2004) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Accordingly, the court agrees with the magistrate judge's finding that it is premature for this court to assume jurisdiction as well as the finding that the case is not ripe for adjudication.

Accordingly, the Court **ORDERS** that the report of the magistrate judge (#11) is **ADOPTED** and Defendants' objections are **OVERRULED**.

It is therefore **ORDERED** that Dial's motion to remand is **GRANTED**. It is further **ORDERED** that this case is **REMANDED** to the 163rd Judicial District Court of Orange County, Texas, from which it was removed. All pending motions not addressed herein are **DENIED** as **MOOT**, without prejudice.

SIGNED at Sherman, Texas, this 16th day of March, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE